STEVEN W. MYHRE
Acting United States Attorney
Nevada Bar No. 9635
PATRICK BURNS
Assistant United States Attorney
Nevada Bar No. 11779
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6020
John.P.Burns@usdoj.gov

*Representing the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAMILO Q. PRIMERO, and<br><br>AURORA S. BELTRAN,<br><br>Defendants. | Case No.: 2:17-cr-00205-APG-GWF<br><br>~~[UNDER SEAL]~~<br><br>**GOVERNMENT'S EMERGENCY EX PARTE MOTION TO UNSEAL ENTIRE INDICTMENT** |

The United State of America, by and through STEVEN W. MYHRE, Acting United States Attorney, and PATRICK BURNS, Assistant United States Attorney, hereby respectfully submits this Emergency Ex Parte Motion to Unseal Indictment.

### I. Factual and Procedural Background

On July 5, 2017, the Special Grand Jury returned an indictment charging Defendant Camilo Q. Primero (Primero) and Aurora S. Beltran (Beltran) with nineteen felony criminal counts, including the following offenses: Conspiracy to Commit Health Care Fraud (18 U.S.C. § 1349); Health Care Fraud (18 U.S.C. § 1347); Fraudulent

1

Concealment Involving a Federal Health Care Program (42 U.S.C. § 1320a-7b(a)(3)); False Statements Relating to a Health Benefit Program (18 U.S.C. § 1035); and Money Laundering (18 U.S.C. § 1957). A summons return date is currently scheduled for July 12, 2017 at 3:00 PM in front of United States Magistrate Judge George W. Foley. The Government now seeks to have the Court order the indictment unsealed in its entirety.

## POINTS AND AUTHORITIES

### II. Argument

#### A. Legal Standard for Magistrate Judge's Discretion to Unseal Grand Jury Indictment

Federal Rule of Criminal Procedure 6(e)(4) grants a magistrate judge the power to seal an indictment:

> The federal magistrate to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. The clerk must then seal the indictment, and no person may disclose the indictment's existence except as necessary to issue or execute a warrant or summons.
> Fed.R.Crim.P. 6(e)(4).

The "'obvious purpose'" of the Rule "'is to prevent the requirement of an indictment from serving as a public notice that would enable the defendant to avoid arrest.'" *United States v. Davis*, 598 F.Supp. 453, 455 (S.D.N.Y. 1984) (quoting *United States v. Muse*, 633 F.2d 1041, 1043 (2d Cir.1980)). The Second Circuit has held that "there are various legitimate prosecutorial objectives, including, but not limited to, the facilitation of arrest, that will justify the sealing of an indictment." *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir. 1987). The Sixth Circuit has held that "the need to avoid compromising an ongoing investigation" may justify the sealing of an indictment. *United States v. Wright*, 343 F.3d 849 (6th Cir. 2003). Even where an indictment is properly sealed, the Government must

2

unseal the indictment "as soon as its legitimate need for delay has been satisfied." *United States v. Watson*, 599 F.2d 1149, 1154 (2d Cir. 1979).

### B. The Government Certifies that the Need for Delay in Unsealing the Indictment Has Been Satisfied and the Indictment Should Be Immediately Unsealed in its Entirety

The Government requests to have the indictment unsealed in order to provide a copy to defense counsel prior to the initial appearance and to otherwise make the indictment public. Upon being advised of the summons date, counsel for Primero and Beltran indicated that they are both unavailable to appear for an initial appearance throughout most of the month of July due to scheduled trips out of the jurisdiction and one attorney's scheduled medical procedure. The parties have agreed and will be submitting a stipulation requesting to reset the initial appearance date to July 31, 2017. In the interim, the Government and defense counsel for Primero and Beltran wish for the defense to receive a copy of the indictment, which is currently sealed. Because the legitimate need for delay in unsealing the indictment has now been satisfied, the indictment should be unsealed in its entirety. *Watson, supra*.

///

///

///

### III. Conclusion

WHEREFORE, after consideration of the included facts, points, authorities, exhibits, and arguments, the United States respectfully requests that this Court GRANT this motion and immediately order the indictment unsealed in its entirety.

DATED this 6th day of July, 2017.

Respectfully submitted,

STEVEN W. MYHRE
Acting United States Attorney

PATRICK BURNS
Assistant United States Attorney

STEVEN W. MYHRE
Acting United States Attorney
Nevada Bar No. 9635
PATRICK BURNS
Assistant United States Attorney
Nevada Bar No. 11779
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6020
John.P.Burns@usdoj.gov

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br>　　vs.<br>CAMILO Q. PRIMERO, and<br><br>AURORA S. BELTRAN,<br><br>　　　　　　　　Defendants. | Case No.: 2:17-cr-00205-APG-GWF<br><br>[UNDER SEAL]<br><br>ORDER ON GOVERNMENT'S<br>EMERGENCY EX PARTE MOTION<br>TO UNSEAL INDICTMENT |

This matter coming on the Government's Emergency Ex parte Motion to Unseal Indictment, the premises therein having been considered, and good cause showing, the Motion is hereby **GRANTED**.

**IT IS HEREBY ORDERED** that the above referenced Indictment, shall be, and is, unsealed.

DATED this 6th day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

5