UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00205-APG-GWF |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTIONS TO REVOKE MAGISTRATE JUDGE'S DETENTION ORDER** |
| CAMILO PRIMERO and AURORA S. BELTRAN, | (ECF Nos. 69, 70) |
| Defendants. | |

Defendants Camilo Primero and Aurora Beltran move to revoke Magistrate Judge Foley's order detaining them pending trial. I must conduct a *de novo* review of the evidence before Magistrate Judge Foley (and any additional evidence submitted by the parties), and make my own independent determination with no deference. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

The procedural history is laid out in the parties' motion papers and the court docket, so I won't repeat it here. Judge Foley ordered the defendants detained because they violated pretrial release conditions he imposed upon them. A judge may revoke release and order detention if there is clear and convincing evidence that the defendant has violated a condition of release, and the judge finds that the defendant is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148.

I have read the parties' papers and the transcript of the hearing before Judge Foley. I adopt Judge Foley's findings and conclusions. *Koenig*, 912 F.2d at 1193. The defendants admit they violated the conditions imposed by Judge Foley. Their violations were willful, flagrant, and pervasive. ECF No. 66 at 30. The defendants had been warned about the no-contact condition during at least two hearings before Judge Foley, yet they engaged in numerous phone calls and

text messages with each other.[1]  The preponderance of evidence supports the finding that the defendants are unlikely to abide by any condition or combination of conditions of release. Detention is appropriate.

IT IS THEREFORE ORDERED that the defendants' motions to revoke Magistrate Judge Foley's detention order **(ECF Nos. 69, 70) are DENIED**.

DATED this 10th day of April, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Defendant Beltran also called other potential witnesses in further violation of Judge Foley's release order. In addition, the Government alleges Beltran continued to operate Vision Health Care in violation of Judge Foley's order. ECF No. 73 at 18-23. Beltran does not rebut these allegations in her Reply. However, I have not considered these allegations because the record before Judge Foley is sufficient to convince me that his decision was proper even without the additional alleged violations.